**THRASHER v. McCLELLAN et al.**
**No. 12035.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1947.

---

Herbert Johnson, of Atlanta, Ga., for appellant.

Ralph R. Quillian, of Atlanta, Ga., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The plaintiff alleges that on March 4, 1946, he purchased from the defendants a 1941 Ford Station Wagon automobile at the price of $1,175.00; that the maximum price which defendants could legally charge for the automobile, under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and the rules and regulations of the Office of Price Administration pursuant thereto (Article II, Section 7, Maximum Price Regulation 540), was $940.00; that he was therefore charged $235.00 over and above the legal price of the automobile; and that, under the provisions of this Act, plaintiff is entitled to three times the amount of this overcharge, plus attorney's fees. Emergency Price Control Act, as amended, Section 205(e).

The case was tried by the court without a jury, and on the following stipulated facts: that there was then in existence the Emergency Price Control Act of 1942; that the Administrator promulgated Maximum Price Regulation 540 thereunder; that under this regulation the ceiling price of the automobile in question with a warranty was $1,175.00, and the unwarranted ceiling price was $940.00; that plaintiff paid to defendant the warranted ceiling price of $1,175.00 for the automobile, and received the defendants' usual warranty at the time of the sale. It was further contended by the plaintiff, though not proved or constituting a part of the stipulation, that at the time of the sale and immediately thereafter the automobile was not in fact "in good operating condition", as required by the terms of the warranty; that the defendants were apprised of the true condition of the automobile, but that they failed and refused to comply with their warranty by making the necessary repairs or replacements in accordance with its terms; and that, as a result of defendants' failure and refusal to comply with the terms of the warranty, plaintiff is entitled to recover, under the Act, three times the amount of the difference between the warranted price of $1,175.00, and the unwarranted price of $940.00, or, in the aggregate, the sum of $705.00.

We are of opinion that the district judge properly sustained defendants' motion to dismiss the case upon the ground that no action for treble damages under the Emergency Price Control Act of 1942, as amended, was available to plaintiff under the agreed facts of this case. If there was a breach of warranty, then plaintiff's remedy is by a suit for such breach, and would depend upon proof of same. Here there can be no legal overcharge such as would constitute a violation of the Emergency Price Control Act, since it is without dispute that defendants sold a warranted vehicle for the warranted price and have prima facie complied with the Act.

We find no reversible error in the record, and the judgment is therefore affirmed.